# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-290-G |
| | ) |
| BUREAU OF INDIAN AFFAIRS et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner David Brian Morgan, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254. For the reasons outlined below, the habeas petition is dismissed.

## SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, Rules Governing § 2254 Cases in U.S. Dist. Cts. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). Likewise, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also*

Fed. R. Civ. P. 12(h)(3); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006) (finding that Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction").

BACKGROUND

In this action, Petitioner challenges his 2011 conviction upon guilty plea to thirteen counts, including kidnapping, rape, indecent acts with a child, and possession of a weapon while committing a felony.[1] *See* Am. Pet. (Doc. No. 8) at 1; *State v. Morgan,* No. CF-2010-7695 (Okla. Cty. Dist. Ct. filed Dec. 6, 2010). Petitioner was sentenced to 10 years' imprisonment on four counts, 20 years' imprisonment on six counts, 25 years' imprisonment on one count, and life imprisonment on two counts. *Morgan,* No. CF-2010-7695 (docket entry of Mar. 30, 2011). This is the ninth case Petitioner has filed in this Court seeking habeas relief, each challenging in one way or another his 2011 state-court conviction and sentence.[2]

---

[1] The undersigned takes judicial notice of the dockets for Petitioner's state-court proceedings, which are publicly available through http://www.oscn.net, as well as the dockets and filings for Petitioner's prior habeas cases in this Court, which are publicly available through http://www.pacer.gov. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

[2] *See Morgan v. Addison*, No. CIV-14-337-R (W.D. Okla. filed Apr. 7, 2014); *Morgan v. Bear*, No. CIV-15-782-R (W.D. Okla. filed July 17, 2015); *Morgan v. Bear*, No. CIV-15-1279-R (W.D. Okla. filed Nov. 17, 2015); *Morgan v. Bear*, No. CIV-16-688-R (W.D. Okla. filed June 20, 2016); *Morgan v. State of Oklahoma*, No. CIV-16-1003-R (W.D. Okla. filed Aug. 30, 2016); *Morgan v. United States*, No. CIV-17-80-R (W.D. Okla. filed Jan. 26, 2017; *Morgan v. Bear*, No. CIV-17-322-R (W.D. Okla. filed Mar. 23, 2017); *Morgan v. Bear*, No. CIV-17-797-R (W.D. Okla. filed July 25, 2017).

Petitioner commenced the instant action with a filing labeled "Motion to File Default Judgment." *See* Pet. (Doc. No. 1) at 1. Noting deficiencies in the original pleading, and that the substance of Petitioner's allegations implicated a challenge to the conviction and sentence for which he is currently imprisoned, the Court directed Petitioner to refile a petition using the Court's approved form for 28 U.S.C. § 2254 habeas actions. *See* Order of April 13, 2018 (Doc. No. 7) at 2-3. Petitioner filed his Amended Petition on the Court's approved form on April 24, 2018. *See* Am. Pet. at 1-14. Relying on *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), Petitioner argues that the trial court lacked jurisdiction over his criminal action. *See* Am. Pet. at 1-6, 11-13.

On May 23, 2018, Petitioner filed a document titled "Motion to File Post Conviction Application." *See* Pl.'s Mot. (Doc. No. 12) at 1. In that filing, Petitioner does not request—as the title of the filing might indicate—that his Petition be stayed or some other action taken while Petitioner pursues an application for postconviction relief in state court. Rather, Petitioner states that he "has exhausted all state remedies and therefore, is not in need of forms for a § 2254." *Id*. Again citing *Murphy*, Petitioner argues in this filing that "the State of Oklahoma lacked jurisdiction over Petitioner" and requests as relief "that his state conviction [be] stricken, and all charges dismissed, and Petitioner be released immediately from custody." *Id*. at 2; Doc. No. 12-1 at 11.

ANALYSIS

A federal court cannot grant a state prisoner's habeas petition unless the petition satisfies the procedural prerequisites of 28 U.S.C. § 2254(b), including the requirement that the petitioner has exhausted his or her state-court remedies by presenting substantially the

3

same federal claim or claims to the state's highest court. *See* 28 U.S.C. § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(b), (c)); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Doe v. Jones*, 762 F.3d 1174, 1177 (10th Cir. 2014) (noting "before a federal district court may review a habeas petition, all of its claims must be exhausted in state court"). To properly exhaust, a petitioner "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim" and giving the State the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted). The petitioner bears the burden of proving either that he or she properly exhausted each federal claim or that there were no "available" state-court remedies for the petitioner to exhaust. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011); *see* 28 U.S.C. § 2254(b)(1)(A), (B).

Petitioner has not exhausted his available state-court remedies, as is required before a federal district court may review a habeas petition. *See* Am. Pet. at 2, 5-6, 11; 28 U.S.C. 2254(b)(1); *Doe*, 762 F.3d at 1177 (10th Cir. 2014). In his Amended Petition, Petitioner concedes that he has not presented the ground for relief raised in the instant action to the Oklahoma Court of Criminal Appeals ("OCCA").[3] *See* Am. Pet. at 5-6, 11; *Pinholster*,

---

[3] The docket for Petitioner's state-court proceedings likewise reflects that Petitioner neither directly appealed his conviction nor filed for post-conviction relief in state court. *See State v. Morgan*, No. CF-2010-7695 (Okla. Cty. Dist. Ct. filed Dec. 6, 2010).

563 U.S. at 181. Petitioner argues, however, that he was unable—or simply not required—to do so "because [the] state of Oklahoma does not have jurisdiction to hear this case." Am. Pet. at 11; Pl.'s Mot. at 1-2. The Court is not persuaded.

"[T]he exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) does not contain an exception for jurisdictional claims." *Cole v. Zavaris*, No. CIV-07-1197-WDM-MJW, 2009 WL 1600556, at *8 (D. Colo. June 4, 2009); *see also Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State . . . lacks jurisdiction over these claims—lacks merit."). Thus, this and other courts have dismissed habeas petitions asserting unexhausted *Murphy* claims. *See Billings v. Bureau of Indian Affairs*, No. CIV-18-397-F, 2018 WL 2189772, at *1-2 (W.D. Okla. Apr. 26, 2018) (R. & R.), *adopted*, 2018 WL 2187056 (W.D. Okla. May 11, 2018); *Matlock v. Bryant*, No. 17-CV-645-JED-FHM, 2018 WL 4355197 (N.D. Okla. Sep. 12, 2018); *McElhaney v. Bear*, No. CIV-18-193-RAW-KEW, 2018 WL 3624968 (E.D. Okla. Jul. 30, 2018). Moreover, Petitioner has shown neither "an absence of available State corrective process" nor circumstances that "render such process ineffective to protect [Petitioner's] rights," such as would excuse Petitioner's failure to comply with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A). *See* 28 U.S.C. § 2254(b)(1)(A), (B)(i)-(ii); 22 Okla. Stat. tit. 22, § 1080(b) (2014) (providing that the issue of state-court jurisdiction may be raised in an application for post-conviction relief in the court in which the judgment and sentence on conviction were rendered).

CONCLUSION

For the foregoing reasons, the Court orders that the Amended Petition (Doc. No. 8) be dismissed without prejudice to refiling for failure to exhaust state remedies. Further, the Court denies Petitioner's pending motions (Doc. Nos. 6, 9, 11, 12) as moot. Finally, because reasonable jurists would not find it debatable that Petitioner was required but failed to exhaust state remedies, and therefore the Amended Petition should be dismissed without prejudice, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when district court dismisses a habeas petition on procedural grounds, the petitioner—in order to obtain a certificate of appealability—must show both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); R. 11, Rules Governing § 2254 Cases in U.S. Dist. Cts.

IT IS SO ORDERED this 31st day of October, 2018.

CHARLES B. GOODWIN
United States District Judge